

ORDERED in the Southern District of Florida on March 15, 2012.

Tagged Opinion

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | CASE NO.: 11-33861-EPK |
| Wayne D. Newell and<br>Michele L. Newell, | CHAPTER 13 |
|     Debtors.<br>_____/ | |
| Wayne D. Newell and<br>Michele L. Newell, | |
|     Plaintiffs, | |
| v. | ADV. PROC. NO.: 11-02743-EPK |
| Bank of America, N.A., | |
|     Defendant.<br>_____/ | |

**ORDER GRANTING MOTION TO DISMISS**

    **THIS MATTER** came before the Court for hearing on February 24, 2012 upon the *Motion to Dismiss Adversary Complaint* (the "Motion") [ECF No. 12] filed by Bank of America, N.A. (the "Bank"). The Court considered the Motion and is otherwise fully

advised in the premises.  For the reasons set forth below, the Court grants the Motion and dismisses the Complaint.

Wayne D. Newell and Michele L. Newell (the "Debtors") filed a Complaint commencing this adversary proceeding on October 28, 2011.

The Debtors own real property located at 709 Pawnee Street, Jupiter, Florida 33458. The Bank holds a first mortgage on the property.

The Debtors allege that they qualify for a loan modification under a federal program known as the Home Affordable Modification Program ("HAMP"), the Debtors requested the Bank to review their request for a loan modification under HAMP, the Bank is required to review the Debtors' request according to HAMP, the Bank failed to properly review the Debtors' loan modification request, and the Debtors were damaged as a result.  The Debtors allege that they are intended third-party beneficiaries with standing to enforce a pre-petition contract entered into between the Bank, as servicer, and the Federal National Mortgage Association ("Fannie Mae"), as financial agent of the United States.  The contract, entitled *Amended and Restated Commitment to Purchase Financial Instrument and Servicer Participation Agreement* (the "SPA"), is in a standard form entered into by Fannie Mae and numerous mortgage loan servicers and is designed to implement the requirements of HAMP.

The Complaint consists of two counts:  Count One for breach of contract and Count Two for breach of warranty.  In addition to damages, the Debtors demand specific performance of the SPA, including a review of their request for mortgage loan modification under HAMP.  The Complaint is based entirely on the Debtors' alleged rights as intended third-party beneficiaries of the SPA.

In the Motion the Bank argues, *inter alia*, that the Debtors lack standing to pursue the breach of contract and breach of warranty claims because there is no private cause of

2

action under HAMP and the Debtors are not intended beneficiaries of the SPA, and so the Debtors' claims fail as a matter of law.

> The United States Department of the Treasury created HAMP in response to a directive in the Emergency Economic Stabilization Act of 2008 (EESA), 12 U.S.C. §§ 5201-5261. *See* 12 U.S.C. § 5219(a)(1) ("[T]he Secretary shall implement a plan that seeks to maximize assistance for homeowners and use the authority of the Secretary to encourage the servicers of the underlying mortgages . . . to take advantage of the HOPE for Homeowners Program under section 1715z-23 of this title or other available programs to minimize foreclosures."); *see also id.* § 5220 (similar directive to the Federal Housing Finance Agency (FHFA), Fannie Mae and Freddie Mac); *Williams v. Timothy F. Geithner*, No. 09-1959, 2009 U.S. Dist. LEXIS 104096, 2009 WL 3757380, at *2 (D. Minn. Nov. 9, 2009). HAMP gives financial incentives to encourage mortgage servicers . . . to modify mortgages. *Williams*, 2009 U.S. Dist. LEXIS 104096, 2009 WL 3757380, at *2. Servicers need not participate.
>
> HAMP imposes several obligations on servicers who choose to participate. 2009 U.S. Dist. LEXIS 104096, at *2-3. Participating servicers must sign a Servicer Participation Agreement (Agreement) with Fannie Mae, and consider all modification requests. *See Phu Van Nguyen v. BAC Home Loan Servs.*, No. C-10-01712, 2010 U.S. Dist. LEXIS 105704, 2010 WL 3894986, at *2 (N.D. Cal. Oct. 1, 2010); *Williams,* 2009 U.S. Dist. LEXIS 104096, 2009 WL 3757380, at *2-3 (citing U.S. Dept. of Treasury, Supplemental Directive 09-01, Introduction to the Home Affordable Modification Program (2009)).

*McInroy v. BAC Home Loan Servicing, LP*, No. 10-4342, 2011 U.S. Dist. LEXIS 49868 (D. Minn. May 9, 2011).

The Debtors do not argue that they have a private right of action under HAMP. In any event, it is well established that HAMP does not provide for a private right of action. *Nelson v. Bank of America, N.A.*, 446 Fed. Appx. 158 (11th Cir. 2011).

Instead, the Debtors argue that they are intended third-party beneficiaries of the SPA and thus have the right to enforce it against the Bank. It is not disputed that the SPA at issue in this case is substantially identical to servicer participation agreements entered into by many other financial institutions participating in HAMP. This same agreement has been considered by numerous other courts in addressing the identical argument presented

3

by the Debtors here. The vast majority of courts to examine this issue have held that a homeowner is not an intended third-party beneficiary of the servicer participation agreement between his or her servicer and the government and does not have the right to enforce the agreement against the servicer. *E.g. Teixeira v. Fannie Mae*, No. 10-11649, 2011 U.S. Dist. LEXIS 77735 (D. Mass. July 18, 2011) (collecting cases); *McInroy v. BAC Home Loan Servicing, LP*, No. 10-4342, 2011 U.S. Dist. LEXIS 49868 (D. Minn. May 9, 2011) (collecting cases); *Zoher v. Chase Home Fin.*, No. 10-14135, 2010 U.S. Dist. LEXIS 109936 (S.D. Fla. Oct. 15, 2010); *Hoffman v. Bank of America, N.A.*, No. 10-2171, 2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) (collecting cases). In order to sue under a third-party beneficiary theory, the third party must demonstrate that he or she is an intended and not incidental beneficiary of the contract. As the foregoing cases uniformly point out, parties that benefit from a government contract are considered incidental and not intended beneficiaries unless a different intention is manifested by Congress. Nothing in the SPA manifests an express or implied intention that homeowners such as the Debtors are intended and not merely incidental third-party beneficiaries. The Court agrees with the decisions listed above, and holds that the Debtors do not have standing to sue under the SPA.

The United States Supreme Court recently examined third-party beneficiary claims in the context of government contracts. *Astra USA, Inc. v. Santa Clara County,* 131 S.Ct. 1342 (2011). In *Astra*, the Supreme Court considered claims brought by a number of health care providers against drug manufacturers. *Id*. at 1347. The plaintiffs argued that they were intended third-party beneficiaries of contracts, entered into between the drug manufacturers and the government, designed to implement a federal regulatory scheme that limits pricing on medications sold to specified health care providers including the

plaintiffs. *Id*. at 1346-47. As with HAMP, the Supreme Court noted that the statutory scheme before it did not accord the plaintiffs a private right of action. *Id*. at 1347. The contract at issue in *Astra* was a non-negotiable agreement designed to implement a federal program. The drug manufacturers opted into the program by executing the agreement and thus became bound by the federal regulatory scheme. *Id*. Likewise, by entering into the SPA, a form agreement intended to implement the HAMP program, the Bank became subject to the entirety of the HAMP regulatory scheme. The Court finds no material provision in the SPA that is independent of the HAMP program. "The statutory and contractual obligations, in short, are one and the same." *Id*. Because of the substantial identity between the regulatory scheme and the contract, to allow a beneficiary of the statutory scheme to pursue the non-government contract party under a third-party beneficiary theory, the Supreme Court reasoned, would be to circumvent the lack of private right of action in the statute. *Id*. The same holds true in the present case. The SPA merely implements the HAMP program. Because the SPA does not provide a private right of action to homeowners such as the Debtors, homeowners may not achieve the same end by arguing that they have identical rights as third-party beneficiaries. Recent decisions have applied the reasoning of *Astra* in dismissing third-party beneficiary claims involving servicer participation agreements under HAMP. *E.g.*, *McInroy v. BAC Home Loan Servicing, LP*, No. 10-4342, 2011 U.S. Dist. LEXIS 49868 at *8 (D. Minn. May 9, 2011).

At the hearing, the Debtors requested the opportunity to amend their Complaint. While leave to amend is "not an automatic right," *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quotation omitted), courts should freely give leave for parties to amend their pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015.

5

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Bank made no persuasive argument that leave to amend the Complaint should be denied.  The Court finds no reason to prohibit the Debtors from amending their Complaint.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1.  The Motion [ECF No. 12] is GRANTED.

2.  The above-captioned adversary proceeding is DISMISSED without prejudice to the filing of an amended complaint within fourteen (14) days of entry of this Order.

###

Copies Furnished To:

All counsel of record by the Clerk.